IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HAROLD BRYANT, *as Purchaser and Agent* § <br> *of Delores Hawkins, Owner and Seller*, § <br>       Plaintiff, § <br>        § <br> v.        § <br>        § <br> JP MORGAN CHASE BANK, Mortgage § <br> Holder, et al.,        § <br>       Defendants. § | Civil Action No. 3:12-CV-2650-M |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the standing order of reference dated August 13, 2012, this case has been referred for pretrial management. Before the Court for recommendation is *Defendant's Motion to Dismiss for Failure to State a Claim*, filed August 9, 2012 (doc. 6). Based on the relevant filings and applicable law, the motion should be **GRANTED.**

## I. BACKGROUND

This case involves foreclosure of real property located at 606 S. Lincoln Dr., Duncanville, TX 75137 (the Property). (doc. 1-1 at 9.) On July 11, 2012, Harold Bryant (Plaintiff)[1] filed this *pro se* suit against JPMorgan Chase Bank, N.A., (JPMC)[2] (Defendant) in the 192nd Judicial District

---

[1] The style of the complaint reflects only Harold Bryant as the plaintiff, the body of the complaint refers to a singular "Plaintiff", and it is only signed by Harold Bryant. (*See* doc. 1-1 at 9–11.) In the section listing the parties, however, Delores Hawkins is listed as a plaintiff. Harold Bryant may not represent any other party. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)("[I]ndividuals who do not have a law license may not represent other parties in federal court even on a next friend basis"); *Guajardo v. Luna*, 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court). The complaint is therefore construed as only asserting claims on behalf of Harold Bryant.

[2] The style of the complaint names "JP Morgan Chase Bank, Mortgage Holder, and Chase Bank, N.A., as Substitute Bank and Trustee" as the defendants. (*See* doc. 1-1 at 9.) The "parties" section lists "JP Morgan Mortgage Acquisition Corp." (JPMMAC) and "O'Boyle & Associates" as the defendants. (*See id.*) The body of the

Court of Dallas County, Texas. (*See id.*) He alleges that on April 11, 2007, Delores Hawkins (the Seller) purchased the Property from First Bank Mortgage (FBM). (*Id.*) To cover the purchase price, the Seller borrowed $262,000.00 from FBM and executed a promissory note and a deed of trust securing the note. (*See* doc. 6-1 at 8.) On July 2, 2011, the Seller transferred the Property to Plaintiff by warranty deed. (*See* docs. 1-1 at 9; 6-1 at 29–30.) Plaintiff moved into the Property in August 2011. (doc. 1-1 at 9.)

Shortly after Plaintiff moved into the Property, he "began receiving letters from [Defendant] [and] [RCS] concerning mortgage payments and [a] possible foreclosure." (*Id.* at 9–10.) He "responded with letters as to proof of ownership." (*Id.* at 10.) Because Defendant and RCS were "not on [the] original deed of trust," Plaintiff "requested documentation showing title transfer from [FBM], [the] original deed holder, to [Defendant] and [RCS]." (*Id.*) As of the date he filed suit, neither party had responded to his request. (*Id.*) Additionally, Defendant's counsel purportedly "made [an] original eviction notice" and represented Defendant "in [the] eviction" despite Defendant "not hold[ing] title" to the Property. (*Id.*) On December 6, 2011, the Property was sold at a non-judicial foreclosure sale for $109,650.00. (doc. 6-1 at 2.) The substitute trustee's deed identified "R. Maris, L. Patton" as the substitute trustee and JPMMAC as the purchaser of the Property. (*Id.*) Plaintiff contends that because he was the "[o]nly entity showing proof of title", the substitute trustee's deed and the foreclosure sale were allegedly "fraudulent." (doc. 1-1 at 9–10.)

The original deed of trust identified FBM as the "Lender." (*See* doc. 6-1 at 7.) The deed of trust designated Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary of the

---

complaint refers to "JP Morgan," "JP Morgan Bank," "JP Morgan Chase Bank," and "Residential Credit Solutions" (or RCS) as defendants. (*See id.* at 9–10.) Because Plaintiff only served JPMC with a state court citation, (*see id.* at 4, 7, 16–17), it is currently the only defendant in this case.

deed of trust and as the nominee for Lender and its successors and assigns. (*Id.* at 8.) The deed of trust also granted MERS the right to exercise any and all of the interests the Seller granted Lender in the deed of trust, including the right to foreclose and sell the Property and to take any action required of Lender, "including, but not limited to, releasing and canceling [the deed of trust]." (*Id.* at 9–10.) On October 17, 2011, MERS assigned the deed of trust and "all [its] rights accrued and to accrue under [the note and deed of trust]" to JPMMAC.[3] (*Id.* at 32.) The assignment document identified MERS as the assignor and specified that MERS was acting as "nominee for Lender and Lender's successors and assigns." (*Id.*) The assignment was filed with the Dallas County Clerk. (*See id.* at 33.)

Plaintiff expressly asserts a claim for trespass to real property. (doc. 1-1 at 9–10.) His allegations also appear to assert claims for quiet title, trespass to try title, and wrongful foreclosure. (*See id.*) He seeks actual and punitive damages, compensation for pain and suffering, a mortgage modification, pre and post judgment costs, court costs, and injunctive relief to "remove all clouds" from his title to the Property and "to prevent any further action" by part of Defendant regarding the foreclosure. (*Id.* at 10–11.)

On August 3, 2012, Defendant removed the action to this court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (doc. 1.) A few days later, it moved to dismiss. (doc. 6.) Plaintiff did not file a response. The motion is now ripe for recommendation.

## II. RULE 12(b)(6) MOTION

Defendant moves to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) on grounds

---

[3] JPMMAC "is incorporated in Delaware, based in New York, New York, and operates as a subsidiary of [Defendant]." (doc. 7 at 4 n.4.)

that he fails to state a claim upon which relief can be granted. (*See* doc. 6.)

**A.     Rule 12(b)(6) Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The alleged facts must "raise a right to relief above the speculative level." *Id*. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but

4

it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950–51.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. Pleadings in the 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins*, 224 F.3d at 499 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). When a party presents "matters outside the pleading" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). "If . . . matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56", however, and "[a]ll parties must be given a reasonable

opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Here, Defendant has attached to its motion copies of documents it contends are the substitute trustee's deed, the original deed of trust executed by the Seller, the recorded assignment of the deed of trust from MERS to JPMMAC, and the warranty deed issued by the Seller to Plaintiff. (*See* docs. 6-1; 7 at 9–10.) The deed of trust and the warranty deed are considered part of the pleadings because they are referenced in Plaintiff's complaint and central to his claims. The substitute trustee's deed and the recorded assignment are matters of public record that can be judicially noticed in considering a Rule 12(b)(6) motion. *See* Fed. R. Evid. 201(b)(2); *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of "unimpeached certified copies of ... deeds and assignments"). Because the documents attached to the motion to dismiss are either considered part of the pleadings or are subject to judicial notice, conversion of the motion to dismiss into a motion for summary judgment is unnecessary.

**B.      "Proof of Title Transfer"**

Defendant argues that Plaintiff's demand for "documented proof" of title transfer from FBM, the "original deed holder," is legally unfounded because Texas law allows mortgagees and mortgage servicers to foreclose on mortgaged property without producing such proof. (doc. 7 at 9.)[4] Plaintiff contends, in essence, that because Defendant was not a party to the original deed of trust, it was required to prove that it held title to the Property by showing that it possessed the deed of trust and tracing it back to FBM, "the original deed holder." (doc. 1-1 at 10.)

The Texas Property Code allows mortgagees and mortgage servicers to conduct a non-

---

[4] Defendant also argues that Plaintiff lacks standing to challenge any assignment of the loan documents because he was not a party to it. (doc. 7 at 9.) Plaintiff does not appear to dispute any assignment; he only requests "proof" that such an assignment took place. (*See* doc. 1-1 at 10.)

judicial foreclosure sale "under a power of sale conferred by a deed of trust or other contract lien." Tex. Prop. Code Ann. § 51.002 (West 2007). The Code defines mortgagee as "the grantee, beneficiary, owner, or holder of a security instrument," or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4)(A),(C). It defines "mortgage servicer" as "the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument." *Id.* § 51.0001(3). A mortgagee may be its own mortgage servicer. *Id.*

Courts have held that the Texas Property Code does not require a mortgagee or mortgage servicer to produce proof of ownership of the original note or deed of trust before conducting a nonjudicial foreclosure sale. *See, e.g.*, *Bennett v. JPMorgan Chase*, No. 3:12-CV-212-N, 2012 WL 2864751, at *3 (N.D. Tex. June 12, 2012), *recommendation adopted*, 2012 WL 2864467 (N.D. Tex. July 12, 2012); *Darocy v. Chase Home Fin., LLC*, No. 3:10-CV-1259-L, 2012 WL 840909, at *10 (N.D. Tex. Mar. 9, 2012) (citations omitted); *Cole v. Fed. Home Loan Mortg. Corp.*, No. 3:11-CV-1833-M-BK, 2012 WL 555194, at *2 (N.D. Tex. Jan. 23, 2012), *recommendation adopted*, 2012 WL 556055 (N.D. Tex. Feb. 21, 2012). As the statute provides, being the "holder" of a security instrument is only one of several ways to prove mortgagee status. *See* Tex. Prop. Code Ann. § 51.0001(4)(A),(C). Moreover, a mortgage servicer, may administer a non-judicial foreclosure sale on behalf of a mortgagee if the two entities enter into a servicing agreement and provide the borrower with certain disclosures. *See* Tex. Prop. Code § 51.0025. As courts have noted, however, no provision of § 51.0025 "require[s] the mortgage servicer to be the 'holder' of the Note and Deed of Trust or to produce the original loan documents." *Sawyer v. Mortgage Elec. Registration Sys., Inc.*, No. 3-09-CV2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010), *recommendation*

*adopted*, 2010 WL 996917 (N.D. Tex. Mar. 17, 2010); *see also Darocy*, 2012 WL 840909, at *10 (explaining that § 51.0025 of the Texas Property Code "contemplates that someone other than the holder of the original [security instrument] may lawfully foreclose on the security interest").

Here, the deed of trust named MERS as the beneficiary under the deed of trust, making it the original mortgagee. *See* Tex. Prop. Code § 51.0001(4)(A). As mortgagee, and as nominee for Lender and its successors and assigns, MERS held legal title to the Property and had the right to foreclose and sell the Property upon default. (*See* doc. 6-1 at 9–10.) Upon the assignment of the deed of trust from MERS, JPMMAC and its successors and assigns became the new mortgagee(s) and acquired all of MERS's rights. *See Warren v. Bank of Am.,* N.A., No. 3:11-CV-3603-M, 2012 WL 3020075, at *4 (N.D. Tex. June 19, 2012), *recommendation adopted*, 2012 WL 3024746 (N.D. Tex. July 24, 2012) (explaining that upon the assignment of the deed of trust from MERS to the defendant, the defendant "and its successors acquired [MERS's] rights to sell and foreclose on the property"); *Lamb v. Wells Fargo Bank*, N.A., 2012 WL 1888152, at *5 (N.D. Tex. May 24, 2012) (same). As mortgagee, JPMMAC could foreclose on the Property without having to produce the note or the deed of trust. *See Bennett*, 2012 WL 2864751, at *3. JPMMAC exercised that right when it foreclosed and bought the Property at the foreclosure sale. (*See* doc. 6-1 at 2.)

Even assuming for purposes of this motion that Defendant was not a party to the deed of trust executed by the Seller and that it failed to show it possessed the deed of trust and had title to the Property, these assumptions fail to raise a reasonable inference that Defendant engaged in any wrongdoing with respect to the foreclosure. The recorded assignment and the substitute trustee's deed reveal that it was JPMMAC, Defendant's subsidiary, and not Defendant, who obtained the deed

8

of trust through an assignment and enforced it by foreclosing on the Property.[5] (*See id.* at 2, 32.) Accordingly, to the extent that Plaintiff bases his claims against Defendant on its purported failure to produce the "documented proof" he requested, his claims are subject to dismissal for failure to state a claim.

C. **Trespass to Real Property**

Defendant also moves to dismiss Plaintiff's claim for trespass to real property on the grounds that he fails to allege any facts showing that he owns or has a lawful right to possess the Property or that there was a physical, intentional, and voluntary entry onto the Property. (doc. 7 at 8–9, 11.)

"Trespass to real property is defined as an unauthorized entry upon the land of another." *Allison v. J.P. Morgan Chase Bank, N.A.*, No. 1:11-CV-342, 2012 WL 4633177, at *15 (E.D. Tex. Oct. 2, 2012) (citations omitted). The elements are: (1) the plaintiff owns or has a lawful right to possess the real property; (2) the defendant entered the real property; (3) the entry was physical, intentional, and voluntary; and (4) the entry caused injury to the plaintiff. *Id.* (citing *Wilen v. Falkenstein*, 191 S.W.3d 791, 797–98 (Tex. App.—Fort Worth 2006, pet. denied).

   1. *Ownership or Legal Right to Possess the Property*

Defendant argues that Plaintiff has alleged no facts showing that he owns or has a lawful right to possess the Property. (doc. 7 at 8.)

---

[5] In Texas, "[p]arent corporations and subsidiary corporations are distinct and separate 'persons' as a matter of law." *N. Cypress Med. Ctr. Operating Co. Ltd v. Fedex Corp.*, No. CIV.A. H-11-3735, 2012 WL 4344611, at *2 (S.D. Tex. Sept. 14, 2012) (citing *In re U–Haul Int'l, Inc.*, 87 S.W.3d 653, 656–57 (Tex. App.—San Antonio 2002, no pet.) To the extent that Plaintiff confuses Defendant and JPMMAC as being the same entity, or he attempts to hold Defendant vicariously liable, Defendant cannot be held liable for any actions taken by JPMMAC unless "some equitable doctrine is applicable to disregard the separate existence of the corporations." *See id.* at *2. Plaintiff does not allege any facts giving rise to a reasonable inference that any such equitable doctrine applies in this case.

9

Plaintiff essentially argues that he owns and "is rightfully in possession" of the Property because the Seller conveyed the Property to him by warranty deed. (*See* doc. 1-1 at 9–10.) However, the deed of trust required Lender's "written consent" for the Seller to sell or transfer the Property. (*See* doc. 6-1 at 17.) Plaintiff does not allege that such consent was obtained. He also fails to allege that the warranty deed extinguished the Seller's obligations and JPMMAC's right to foreclose under the deed of trust. *See Avondale Shipyards, Inc. v. Tank Barge ETS 2303*, 754 F.2d 1300, 1309 (5th Cir. 1985) (explaining that "according to settled security principles, the sale of property encumbered by a mortgage does not itself extinguish the lien of the mortgage," and even if the purchaser assumes the debt, "the lien continues and the mortgaged property remains primarily liable for the indebtedness"). Finally, he does not allege that the Seller upheld her obligations under the deed of trust. Because Plaintiff's allegations fail to raise a reasonable inference that he owned or was in lawful possession of the Property, his trespass to real property claim fails on this ground.

### 2. *Physical, Intentional, and Voluntary Entry*

Defendant also argues that Plaintiff fails to allege any facts showing that Defendant physically entered the Property. (doc. 7 at 8.)

Plaintiff appears to argue that Defendant "entered" the Property by foreclosing on it and by initiating an eviction proceeding. (*See* doc. 1-1 at 10.) He contends that the foreclosure constituted "improper means" to enter the Property because Defendant did not hold title to the Property. (*See id.*) As noted, the substitute trustee's deed shows that Defendant did not participate in the foreclosure sale. (*See* doc. 6-1 at 32.) As for the alleged eviction, Plaintiff effectively concedes that he has not been evicted because he seeks an injunction to "prevent any further action" regarding the foreclosure. (*See* doc. 1-1 at 9.) His claim for trespass to real property also fails on this ground.

*See Allison*, 2012 WL 4633177, at *15 (dismissing trespass to real property claim where the plaintiffs alleged that the defendants foreclosed on the property and filed an eviction suit but their "petition [did] not include any facts alleging that [the defendants] *physically entered* the property in question") (emphasis in original).

**D.    Suit to Quiet Title and Trespass to Try Title**

Defendant next contends that to the extent that Plaintiff asserts claims for quiet title and trespass to try title, these claims should be dismissed because he has alleged no facts showing that he has superior title to the Property or that Defendant asserted an adverse claim "that equity could remove." (doc. 7 at 12.)[6]

A suit to quiet title, also known as a claim to remove cloud from title, "relies on the invalidity of the defendant's claim to property." *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.). This suit "enable[s] the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.) (citation and internal quotation marks omitted). To prevail, a plaintiff must show that: (1) he has an interest in a specific property; (2) his title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Hurd v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1752-M, 2012 WL 1106932, at *16 (N.D. Tex. Mar. 29, 2012) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.)). The plaintiff "must allege right, title, or ownership in himself

---

[6] Defendant also argues that Plaintiff has failed to plead any facts "demonstrating equitable actions [on his part] to support the relief [he] seek[s]." (doc. 7 at 12.) Although courts in Texas have found that equitable conduct, such as tender of the purchase price, is a necessary condition for an action to *recover* title, no equitable action seems to be required to *quiet title* under Texas law. *See Warren,* 2012 WL 3020075, at *4 (citation omitted).

or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Id.* (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied)). Notably, the plaintiff must prove and recover on the strength of his own title, not on the weakness of his adversary's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

"An action in trespass to try title is the method of determining title to lands, tenements, or other real property." Tex. Prop. Code Ann. § 22.001 (West 2000). This action "is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate possession." *Rocha v. Campos*, 574 S.W.2d 233, 235 (Tex. App.—Corpus Christi 1978, no writ.) (citations omitted). To prevail, a plaintiff must either: "(1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Hurd*, 2012 WL 1106932, at *17 (citing *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004)). As with a suit to quiet title, the plaintiff "must recover upon the strength of his own title and not the weakness of the defendant's title." *Rocha*, 574 S.W.2d at 236 (citing to *Hejl v. Wirth*, 343 S.W.2d 226 (Tex. 1961) and *Kauffman v. Shellworth*, 64 Tex. 179 (1885)).

To establish his superior title, Plaintiff points to the warranty deed he obtained from the Seller and conclusorily asserts that Defendant "ha[d] no true title for foreclosure and eviction." (doc. 1-1 at 10.) Nevertheless, the recorded assignment shows that JPMMAC obtained the deed of trust with power of sale from MERS and the substitute trustee's deed identifies JPMMAC as the purchaser and rightful owner of the Property. (*See* doc. 6-1 at 2.) In light of these documents, Plaintiff's allegations fail to raise a reasonable inference that he had title, and much less superior

title, to the Property. His quiet title and trespass to try title claims are therefore subject to dismissal on this basis. *See Morlock, L.L.C. v. Bank of Am., N.A.*, No. CIV.A. H-12-0364, 2012 WL 1640895, at *4 (S.D. Tex. May 8, 2012) (dismissing quiet title claim where the deed of trust, the recorded assignment of the deed of trust, and a condominium declaration negated the plaintiff's allegation that he held superior title to the property).

Plaintiff also challenges any claim to title by Defendant, arguing that it failed to provide him with "documented proof" of title transfer before foreclosing on the Property and issuing the eviction notice. (doc. 1-1 at 9–10.) As discussed, Plaintiff's allegation that the foreclosing party was required to show "documented proof" that it possessed and could foreclose under the deed of trust is without merit and does not support his quiet title and trespass to try title actions. *See Cole*, 2012 WL 555194, at *3 (dismissing quiet title and trespass to try title claims that were based on the defendant's purported failure to provide "proof" that it was the holder of the note "and entitled to enforce the Deed of Trust"). Accordingly, Plaintiff's claims to quiet title and trespass to try title should be dismissed for failure to state a claim.[7]

### E.     Wrongful Foreclosure

Although not expressly listed as a claim, the allegations in Plaintiff's complaint may be liberally construed as also asserting a wrongful foreclosure claim. Plaintiff alleges that the substitute trustee's deed and the foreclosure sale were "fraudulent" because "there [was] no proof" that Defendant held title to the Property. (doc. 1-1 at 10.)

The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud,

---

[7] Plaintiff appears to acknowledge that he is still in possession of the Property, as his complaint requests injunctive relief "to prevent any further action on the ... foreclosure of the Property" by part of Defendant. (doc. 1-1 at 10.) His trespass to try title claim fails for this additional reason.

and unfairness in foreclosure proceedings. *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001) (citing 30 Tex. Jur. 3d Deeds of Trusts and Mortgages § 177 (1998)). In Texas, "a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank, N.A.*, No. 3:11-CV-00972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug.1, 2011). The plaintiff must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Hurd v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1752-M, 2012 WL 1106932, at *15 (N.D. Tex. Mar. 29, 2012) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)). A procedural defect may occur when the mortgagee either "fails to comply with statutory or contractual terms," or "complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure proceedings." *Matthews*, 2011 WL 3347920, at *2. However, recovery is not available merely by showing a defect in the foreclosure process; "it is also necessary that there be an inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp.2d 725, 729 (N.D. Tex. 2011) (Fitzwater, C.J.).

Even if taken as true, Plaintiff's allegation that Defendant did not prove its right to foreclose under the deed of trust could not plausibly entitle him to relief because Defendant did not particpate in the foreclosure proceedings. (*See* doc. 6-1 at 2.) Moreover, any wrongful foreclosure claim also fails and should be dismissed because Plaintiff does not allege any facts showing that the Property was sold for a grossly inadequate price or that there was a causal connection between Defendant's purported failure to provide the "proof" he requested and any grossly inadequate selling price. *See Pollett v. Aurora Loan Services*, 455 F. App'x 413, 415 (5th Cir. 2011) (per curiam) (affirming

dismissal of wrongful foreclosure claim where the plaintiff "failed to allege ... a grossly inadequate selling price and a causal connection between a defect in the foreclosure sale proceedings and the grossly inadequate selling price.")

The Court may *sua sponte* dismiss this claim on its own motion under Rule 12(b)(6) for failure to state a claim as long as Plaintiff has notice of the Court's intention and an opportunity respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond. *See Ratcliff v. Coker*, No. 9:08cv127, 2008 WL 4500321, at *3 n. 1 (E.D. Tex. Sept. 26, 2008).

## F. Injunctive Relief

Defendant moves to dismiss Plaintiff's request for injunctive relief arguing that the claim cannot survive without a viable cause of action. (doc. 7 at 13.)

To obtain injunctive relief, a plaintiff "is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)). Here, Plaintiff seeks to prevent Defendant from taking "any further action" in the foreclosure process and to "remove all clouds" from his purported title to the Property. (doc. 1-1 at 10–11.) Because dismissal of Plaintiff's claims is warranted on the merits, he cannot establish any likelihood of success on the merits. *See id.* Accordingly, his request for injunctive relief should also be dismissed.

### III. OPPORTUNITY TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at * 1. Nonetheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has not amended his complaint since filing this action, and it does not appear that he has pled his best case to the Court. He should therefore be accorded an opportunity to amend his complaint to sufficiently state a claim for relief.

### IV. RECOMMENDATION

If Plaintiff does not file an amended complaint that states a claim for relief within the 14 days allotted for objections to this recommendation, or a deadline otherwise set by the Court, Defendant's

motion to dismiss should be **GRANTED** and all of Plaintiff's claims against Defendant should be dismissed with prejudice. If Plaintiff timely files an amended complaint, however, the motion to dismiss should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint.

      **SO RECOMMENDED** on this 4th day of February, 2013.

                                          IRMA CARRILLO RAMIREZ
                                          UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                          IRMA CARRILLO RAMIREZ
                                          UNITED STATES MAGISTRATE JUDGE